**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MAIN STREET BANK, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 4:08-CV-0546 -DGK |
| CARLYLE VAN LINES, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant/ | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAPITAL 4, INC., | ) | |
| SOLUTIONS PROS, INC. | ) | |
| and 3COM CORPORATION, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## ORDER DENYING MOTION FOR SEPARATE TRIALS

Now before the Court is Main Street Bank's Motion for Separate Trials (doc. 187) brought pursuant to Rule 42(b). Main Street contends that holding separate trials "will promote convenience, avoid prejudice, and expedite and economize the judicial process." Main Street contends it "has no reason to be involved in the claims between Defendant Carlyle and Third-Party Defendant 3COM. It would be highly prejudicial to require Plaintiff Main Street Bank to attend and incur the costs associated with the trial of the issues between those parties." It also suggests that given that the claims between Main Street and Carlyle will be bench-tried, it would be "extremely complicated and inefficient to attempt to try the jury and non-jury issues at the same time and in the same trial."

Carlyle and 3Com oppose the motion.

Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. Pro. 42(b). The Court finds the issues in this case cannot be easily separated into two trials. Indeed, one of the threshold issues is whether there was a single contract between all the parties that was allegedly breached by both Main Street and 3Com, or whether there were separate contracts between each of the parties. Separate trials would risk inconsistent findings of fact on this issue. Additionally there is no risk that a properly-instructed jury will be incapable of deciding the claims involving 3Com. Finally, holding separate trials will waste scarce judicial resources because all the issues could be tried more efficiently in one trial.

Accordingly the motion is DENIED.

**IT IS SO ORDERED.**

DATE: <u>December 10, 2010</u>                     <u>/s/ Greg Kays</u>
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT