IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MAIN STREET BANK, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 4:08-CV-0546 -DGK |
| CARLYLE VAN LINES, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant/ | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAPITAL 4, INC., | ) | |
| SOLUTIONS PROS, INC. | ) | |
| and 3COM CORPORATION, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## ORDER ON MOTIONS IN LIMINE

Now before the Court are three motions in limine filed by 3Com (docs. 192-194) and Carlyle's response (docs. 201). 3Com seeks to exclude statements made by third-party defendant Capital 4 and its former employees, a purported Power of $Zero sales video, and various Power of $Zero internal sales training materials. The motions are DENIED for the following reasons.

**1. Statements made by Capital 4 and its former employees.**

3Com seeks to exclude the letter Capital 4 sent to its customers claiming that it was no longer able to meet its obligations under the Power of $Zero Program because 3Com breached its agreement with Capital 4 to recapitalize Capital 4. 3Com also seeks to exclude the deposition testimony of numerous former employees of Capital 4 in a related case, *3Com Corporation v. Capital 4*, et. al., No. 07-cv-8707 (JSR) (S.D.N.Y.), in which the employees make similar

statements. 3Com contends this evidence is hearsay and not admissible under either Federal Rule of Evidence 801(d)(2)(C) or (D) .

Carlyle argues the letter is admissible under Rule 801(d)(2)(D) because 3Com and Capital 4 were partners, and the letter is simply an announcement that the partnership was ending. Alternately Carlyle suggests the letter is admissible to explain Carlyle's state of mind and course of conduct in refusing to make subsequent payments to the Power of $Zero partnership, thus at most 3Com is entitled to a limiting instruction that letter may not be considered for the truth of the matter asserted. Carlyle contends the deposition testimony is admissible under 804(b)(1) as former testimony of the declarant, and that as a party in that action 3Com had an opportunity and similar motive to develop the testimony.

The Court finds the letter is admissible at least to explain Carlyle's state of mind and course of conduct and, depending on how the other evidence at trial comes in concerning the relationship between 3Com and Capital 4, possibly for the truth of the matter asserted under Rule 801(d)(2)(D). The Court will resolve this question during trial. With respect to the deposition testimony, the Court finds it is admissible under 804(b)(1).

**2.     Power of $Zero sales video.**

3Com argues a sales training video allegedly shown to a SolutionPros' salesman should be excluded because Carlyle is unable to authenticate it and it is irrelevant.

The Court finds there is sufficient proof that the video is what it purports to be, and that the video is relevant to show whether representations were made to Capital 4 which in turn may have been communicated to Carlyle by SolutionPros' salesmen.

**3.     Power of $Zero sales training materials.**

3Com also argues that sales training materials allegedly distributed at a training session in Houston to train SolutionPros employees in marketing the Power of $Zero program should be excluded as irrelevant.

The Court finds these materials are relevant to show whether and how 3Com tied itself to the Power of $Zero program in its training to value added resellers such as SolutionPros. Consequently the material is relevant.

Accordingly, 3Com's motions in limine (docs. 192-194) are DENIED.

**IT IS SO ORDERED.**

DATE:  December 20, 2010                                    /s/ Greg Kays
                                                            GREG KAYS, JUDGE
                                                            UNITED STATES DISTRICT COURT